IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ELIZABETH HOUSE,

       Plaintiff,

v.                   OPINION and ORDER

FRANK BISIGNANO,            20-cv-518-jdp
 Commissioner of the Social Security Administration,

       Defendant.[1]

   This is an action for judicial review of the Social Security Administration's denial of Elizabeth House's application for disability benefits. This court concluded that the commissioner's decision was not supported by substantial evidence. Dkt. 26. Upon remand, House received a favorable decision from the commissioner.

   Cody Marvin, counsel for House, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 37. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). House was awarded $84,681.70 in past benefits, Dkt. 37-1, at 3, and 25 percent of that is $21,170.43. But Marvin already received $7,200 in fees for work performed at the administrative level, so Marvin has deducted that amount, and he requests $13,970.43 from this court, which is consistent with his retainer agreement with House. Dkt. 37-2.

   In assessing a fee for reasonableness, "a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024).

The court finds no reason to award Marvin less than the full contingent fee amount that he and House agreed to. Neither House nor the commissioner has objected to the motion, it's undisputed that Marvin is an experienced attorney who achieved good results for his client, and there's no evidence that the effective hourly rate ($270) exceeds that charged by other attorneys in the field. So the court will approve a representative fee in the amount of $13,970.43.

This court previously awarded $10,500 in fees under the Equal Access to Justice Act (EAJA). Dkt. 36. So the court will direct Marvin to refund House the EAJA award. *See O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020) ("[W]here the claimant's attorney receives fees for the same work under both § 406(b)(1) and the EAJA, the claimant's attorney [must] refund[ ] to the claimant the amount of the smaller fee.").

ORDER

IT IS ORDERED that:

1. Cody Marvin's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 37, is GRANTED.

2. The court approves representative fees under § 406(b) in the amount of $13,970.43. The fees shall be disbursed by the commissioner from any of House's past-due benefits being withheld and in accordance with agency policy.

3. Marvin is directed to refund the EAJA award to House.

Entered July 22, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge